UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     Plaintiff,<br> vs.<br><br>TRACE RAE THOMS, and<br>JENNIFER ANNE THOMS,<br><br>     Defendants. | 3:10-cr-069-JWS-JDR<br><br>**ORDER**<br>**REGARDING**<br>**MOTION FOR FRANKS**<br>**HEARING**<br><br>(Docket No. 57) |

    Defendant Trace Thoms moves to suppress evidence obtained as a result of the execution of a search warrant and requests the court to schedule a Franks Hearing wherein he can challenge the truthfulness of factual statements in the search warrant affidavit. *See* Franks v. Delaware, 438 U.S. 154 (1978). Docket 57. The motion is joined by defendant Jennifer Thoms. Docket 62. The motion to suppress and request for Franks Hearing is opposed by the government.

Docket 63. Jennifer Thoms filed a reply at Docket 83. Defendant Trace Thoms filed a reply. Docket 84. Trace Thoms moved (Docket 86) and was granted the opportunity to file an Addendum to his Motion for a <u>Franks</u> hearing. His Supplemental Addendum was filed at Docket 91. The government's opposition was filed at Docket 93. At Docket 102 defendant Thoms filed a Motion for Leave to Present Evidence and further requesting an evidentiary hearing on the matter. At Docket 107 the court granted the request for a limited <u>Franks</u> hearing with the caveat that defendant submit a preliminary showing and proffer of knowingly reckless falsehood of statement prior to the hearing. Defendant Thoms filed (Docket 116) for extension of time to file his proffer and a motion (Docket 120) to continue the Franks hearing due to family emergencies. The motion(s) to continue were granted and the limited hearing was subsequently re-scheduled to January 14, 2011 with defendant's proffer to be filed by January 7, 2011. Defendant Thoms proffer is filed at Docket 137.

## <u>Franks</u> Standard

Thoms attacks the warrant by arguing that Investigator Kyle Young intentionally or recklessly misrepresented facts and omitted material facts in his supporting affidavit. Pursuant to <u>Franks</u> the burden is on the party alleging that the affiant made deliberate or reckless misstatements to specify which statements are at issue and to make a preliminary showing that the statements were deliberately or

10-cr-069-JWS-JDR THOMS, Trace @57 Order Re Motion for Franks Hearing_mtd.wpd

2

Case 3:10-cr-00069-RRB   Document 140   Filed 01/11/11   Page 2 of 14

recklessly false. The misstatements must be material and necessary to a finding of probable cause. Franks supra at 170. To meet the requirement of a substantial preliminary showing the defendant must: (1) allege specifically which portions of the warrant affidavit are claimed to be false; (2) contend that the false statements or omissions were deliberately or recklessly made; (3) make a detailed offer of proof, including affidavits, to accompany the allegations; (4) challenge the veracity of the affiant(s); and (5) show that the challenged statements must be necessary to find probable cause. United States v. DeCesare, 765 F.2d 890, 894-95 (9th Cir. 1985).

Franks has been applied to deliberate or reckless omissions that mislead the judicial officer, as well as false statements. United States v. Stanert, 762 F.2d 775, 780-81 (9th Cir. 1985). Mere negligence or inadvertence does not constitute a Franks violation and justify a hearing. United States v. Collins, 61 F.3d 1379, 1384 (9th Cir. 1995). Misstatements or omissions in an affidavit are fatal only if made recklessly and with intent to deceive the court. United States v. Botero, 589 F.2d 430, 433 (9th Cir. 1978). Innocent misstatements that are not intentional or reckless, even if material, will not vitiate an otherwise sufficient affidavit. United States v. Hole, 564 F.2d 298, 302 (9th Cir. 1977).

If a defendant establishes a deliberate or reckless disregard of the concealment of material information by a preponderance of the evidence, and with the concealed material provided, the resulting evidence is insufficient to establish

probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause were lacking." Franks, supra at 156; United States v. Dozier, 844 F.2d 701, 705 (9th Cir. 1988). A Franks hearing need not be held if there is sufficient content in the affidavit apart from the challenged material to support a finding of probable cause. Franks, supra at 171-72.

### Thoms' Allegations

Thoms submits that Investigator Young made three material misstatements and admissions, doing so deliberately or recklessly. *For reasons stated below the magistrate judge concludes that only the third allegation warrants a Franks hearing.*

First, he submits Investigator Young knowingly used flawed methodology thereby misinforming the court that his study revealed that the scent of marijuana in the outside air indicates with a 96% probability that a commercial grow is present. Thoms argues that the study improperly conflates a wide range of different types of "smell" cases by combining cases involving informants and other outside information with cases relying purely on smell. He argues that the study improperly conflates cases involving the smell of marijuana that was detected when standing outside an open door of a premise with cases involving the scent of marijuana allegedly detected while traveling in a moving vehicle. He claims that the

study is deficient and that it fails to include cases where no search was conducted after detecting the odor of marijuana.

Second, Thoms seeks a Franks hearing based on his argument that Investigator Young deliberately or recklessly misinformed the issuing judge there is no indication that a business is being operated on the premises.

Third, Thoms moves for a Franks hearing arguing that Young falsely stated in his affidavit that he smelled the odor of marijuana emanating from the Thoms premises. According to Thoms, the trooper deceived the issuing court by deliberately and falsely claiming that he smelled marijuana coming from Thoms' property.

**Scope of Franks Hearing**

A.   Allegation No. 1: The Statistical Study

The government argues that no Franks hearing is needed because there is sufficient content in the affidavit apart from the challenged material to support a finding of probable cause. The government claims that Young's study is not relevant to the sufficiency of the warrant under federal law which, unlike Alaska law, criminalizes both a commercial marijuana grow and a personal use grow. *See* United States v. Crocker, 97 P.3d 93 (Ak.Appl. 2004). The magistrate judge agrees

that the affidavit does not need the results of the study to contain probable cause for its issuance.[1]

      B.      Allegation No. 2: Indications of Business(es) on the Premises

As a second ground for a Franks hearing Thoms argues that Investigator Young deliberately or recklessly misinformed the issuing judge that there were no indications of business being operated on the premises. As a proffer, Thoms offers copies of documents that were provided to him by the United States in pretrial discovery. These documents, he argues, indicate that there was some evidence available of a business being conducted on the Thoms property at the time the affidavit was signed.

The search warrant for the Thoms premises was issued February 22, 2010. The report of investigation proffered by Thoms is dated April 22, 2010. That report refers to administrative subpoenas issued on March 24, 2010 to Matanuska Electric Association (MEA) for electric usage for Plow Now, A-Tow, and Ace the Painter, companies associated in the seizure of marijuana at the execution of the search warrant. The report indicates that a data base search on the Alaska Division of Corporations, Business, and Professional Licensing website indicates that Jennifer A. Thoms had several business that had expired business licenses,

---

[1] The sufficiency of the search warrant will be addressed in a separate recommendation regarding the motion to suppress.

10-cr-069-JWS-JDR THOMS, Trace @57 Order Re Motion for Franks Hearing_mtd.wpd   6

Case 3:10-cr-00069-RRB   Document 140   Filed 01/11/11   Page 6 of 14

including Ace the Painter, which expired December 31, 2000, Alaska Steam Clean, which expired December 31, 2003, Alaska Steam Clean and Restoration, which expired December 31. 2007, Plow Now, expired December 31, 2007, and Tuff Girl Enterprises, had expired April 11, 2002.

The report reflects that a data base search in INGENs indicates that the only Alaska property under Jennifer Thoms' name is located in the Mat-Su on the subject premises. The report reflects that the return of the subpoena indicates that "Plow Now, Jennifer A. Thoms" at the premises had certain electric usage for various months beginning August 2007 and ending March 2010. The returned subpoena indicates similar information for Ace the Painter. Although the return indicates electric usage for A Tow Company, the DEA Agent (TFO) was unable to find an expired or existing business license for that company. After calculating a summary of electric usage for the months between August 2007 and March 2010 the report concludes that Jennifer Thoms had many businesses in her name, all of which had expired business licenses, and many of which came back to the same Wasilla, Alaska address. The report states: "It is suspected that she used the businesses as a front so as not to raise any suspicion on the amount of electricity her property was using. Docket 57, Exhibit I (57-30), p.8. In another report of investigation proffered by Thoms, TFO Rick Pawlak concluded that the returned subpoena indicates that MEA does not have any records for Desmond Hight, Joan Carver, (an alleged

10-cr-069-JWS-JDR THOMS, Trace @57 Order Re Motion for Franks Hearing_mtd.wpd                              7

Case 3:10-cr-00069-RRB   Document 140   Filed 01/11/11   Page 7 of 14

business associate of Jennifer Thoms), Alaska Steam Clean, Alaska Steam Clean and Restoration, and Tuff Girl Enterprises for the requested time period of January 1, 1999 to the present. *See* Docket 57, Exhibit J (57-32).

These documents hardly show that Investigator Young was reckless in representing to the issuing judge that he found no indication of a business being conducted at the property. An officer seeking a search warrant has no obligation to conduct a thorough investigation as to an alleged crime before seeking a search warrant to obtain evidence of the crimes being investigated. Compare United States v. Allen, 297 F.3d 790 (8th Cir. 2002) ("search warrant affidavits need not provide judicial officers with all the details of bargaining between police and arrested persons from whom they are seeking to get information."); United States v. Huggins, 299 F.3d 1029 (9th Cir. 2002)("Failure to disclose that the informant was in custody and trying to secure a plea bargain" not a material omission). An affiant is not expected to add every piece of information gathered in the course of an investigation. United States v. Burnes, 816 F.2d 1354, 1358 (9th Cir. 1989); United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990). The fact that federal officers conducted a more thorough investigation after the fruits of the execution of the search warrant were

ascertained does not give rise to a likelihood that the state investigator seeking the search warrant deliberately failed to apprise the issuing judge of material facts.[2]

Alternatively, Thoms argues that, assuming the truth of Investigator Young's statement that there was nothing visible at the residence that would suggest it being used for business purposes to justify the higher electrical rate, nevertheless, Young's statement was misleading. "Franks protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the [issuing judge]." Colkley, 899 F.2d at 301 (italics in original).

The statement on its face is not misleading. The fact that a subsequent administrative subpoena(s) to MEA disclosed that there were four electrical accounts associated with the property and that three of those accounts were in the names of businesses does not render Young's statement incorrect or misleading.

The additional facts are not so misleading or critical to probable cause that their absence suggests reckless disregard for the truth. The higher electrical usage suggests the possible use of a business name that could be a cover up for electrical consumption. The absence of such information does not make the affidavit substantially misleading.

---

[2] There would have been no reason for DEA to issue the administrative subpoenas to MEA if State investigators already had that information.

Where the alleged defect in the affidavit is the omission of material truths, then the affidavit is to be judged by adding to the affidavit the information improperly omitted. Inserting information about the business records as disclosed in the investigator's report would not deprive the affidavit of probable cause. A Franks hearing need not be held unless the allegedly false statement is necessary to the finding of probable cause. The MEA records support probable cause as much as detract from it because they raise suspicion that the Thoms are trying to conceal the reason for the high electrical usage. The proffer for ground two is insufficient to warrant a Franks hearing.

C. Allegation No. 3: Ability to Smell Marijuana

Thoms' Addendum contends that Trooper Young "did not smell the odor of marijuana emanating from Thoms' premises" or "from any premises in the vicinity of Thoms' premises." Docket 91, p.3 Under Franks and a concern for the truth, there is no absolute ban on a post-search impeachment of the veracity of the affiant.[3]

In his addendum Thoms proffers witnesses who "during relevant times, and while engaging in legitimate business practices, were present on the property and did not smell marijuana." Docket 86, p.2. Thoms defines "relevant times" as

---

[3] "[a] flat ban on impeachment of veracity could denude the probable cause requirement of all real meaning. "Franks, 438 U.S. at 107-168.

dates between March 2004 and February 22, 2010. Docket 91, p.3, n.2. The proffer consists of private citizens presumably untrained in the act of olfactory observation who claim that they did not smell marijuana on various locations on the date Young claimed to have smelled marijuana coming from the Thoms premises. None of the named witnesses were present on the property on February 22, 2010 when Trooper Young made his observations. "To mandate an evidentiary hearing, the challengers attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Franks v. Delaware, supra at 171. The defendant is not entitled to a hearing simply by attacking the veracity of the affiant. United States v. Erickson, 732 F.2d 788 (10th Cir. 1984).

      The proffer of private citizens that they did not smell marijuana on the date in question falls short as an offer of proof that would require an evidentiary hearing. *See* for example United States v. Muellere, 902 F.2d 336 (5th Cir. 1990)(meteorologist's affidavit that officer "unlikely" to detect odor emanating from house from where he allegedly stood insufficient, as "in any sequence of many events, at least some 'unlikely' happenings will probably occur").

10-cr-069-JWS-JDR THOMS, Trace @57 Order Re Motion for Franks Hearing_mtd.wpd    11

Case 3:10-cr-00069-RRB   Document 140   Filed 01/11/11   Page 11 of 14

An allegation that the affidavit contained a falsehood does not allege that the affiant acted intentionally or with reckless disregard. The proffer does not dispel the reasonableness of Trooper Young's averment that he smelled marijuana as alleged in his affidavit. The warrant application is an ex parte process. Once the issuing judge accepts the statement of the officer as to smelling marijuana it is not open to the defendant to contest the officer's statement merely by placing his statement in issue without making a sufficient preliminary showing that the officer knowingly made a false statement.

In <u>United States v. Johns</u>, 851 F.2d 1131 (9th Cir. 1988) the Ninth Circuit held that the defendant had made a substantial preliminary showing that FBI agent's affidavit in support of a warrant to search a storage unit at a warehouse was deliberately false or at least in reckless disregard of the truth and therefore the district court should have granted a <u>Franks</u> hearing. The defendants alleged that the observations made by the officers could not have been true. They alleged that they had never engaged in any activities at the storage unit that could have produced the odors the officers allegedly smelled. This contention was bolstered with expert witnesses who swore the officer's affidavit was necessarily false because it is scientifically impossible to smell what the officer(s) claimed to have smelled given the contents of the storage space searched under the warrant.

In Johns, the appellate court held that the affidavit purged as to the references to the odor associated with the presence of manufacturing of methamphetamine did not support a finding of probable cause. The facts in Johns are distinguishable. In the instant case, the defendants never alleged by affidavit that they did not engage in any activities on their premises that could have produced the odor of marijuana. In addition, the proffer of the "citizens" testimony did not contend that it was scientifically impossible to smell marijuana as Investigator Young claimed. Recklessness is not inferred from other people not smelling marijuana. Their experience does not negate the officer's perception that he smelled marijuana at the time and in the manner he claims.

As an additional offer of proof Thoms claims he will testify that the marijuana was enclosed in structures located in excess of 200 feet away from the road and that "sophisticated filters were installed which prevented the odors from escaping from the structures containing the marijuana."[4] To overcome the presumption of validity with respect to Trooper Young's affidavit, Thoms also provides a copy of a letter from Richard Doty, PH.D., Professor and Director of the University of Pennsylvania Small and Taste Center, Exhibit G (137-7) to Docket 137. Thoms experts to call Dr. Doty as an expert witness at a Franks hearing to testify concerning whether it is likely that the odor of marijuana could be perceived under

---

[4] Docket 91, p.3. Affidavit of Trace Thoms, dated January 7, 2011, Exhibit A to Docket 137.

the conditions described by Trooper Kyle young in his affidavit. Exhibit G (137-7) to Docket 137.

## Summary

The defendant has made a suitable proffer of falsity that Trooper Young did not smell the odor of marijuana emanating from Thoms premises as represented in his affidavit in support of search warrant No. PA 10-56SW Issued February 22, 2010. A limited hearing on this issue is set for February 7, 2011 at 9:30 A.M..

DATED this 11th day of January, 2011, at Anchorage, Alaska.

    /s/John D. Roberts
    JOHN D. ROBERTS
    United States Magistrate Judge