# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>TRACE RAE THOMS, and<br>JENNIFER ANNE THOMS,<br><br>        Defendants. | 3:10-cr-069-JWS-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO COMPEL<br>DISCOVERY**<br><br>(Docket No. 95) |

Defendant **Trace Thoms** seeks an order compelling discovery on the written methodology governing the inclusion and exclusion of State investigations of marijuana grow operations included in Investigator Young's study referenced in his affidavit for search warrant of the Thoms' residence. Thoms seeks a list of investigations where the scent of marijuana was purportedly detected in outside air and no warrant was request, as well as statistics relating to the detection of marijuana in those investigations.

The discovery is sought to aid in the defendant's attack upon the sufficiency of Search Warrant 3PA-10-56-SW which was issue by the Palmer District Court Judge Zwink. The defendant relies upon Federal Criminal Rule 16(a)(1)(F)

which provides that the government must permit a defendant to inspect and/or copy or photograph the results or reports of any scientific text or experiment with items which are material to preparing a defense if the government intends to use the item in its case-in-chief at trial.

Thoms is entitled to a Franks[1] hearing on his allegation that Trooper Young knowingly presented a flawed study only if he can meet the threshold showing of that claim for a Franks hearing. In Franks the Supreme Court carefully balanced the right of a defendant to demonstrate that an affiant intentionally or recklessly presented false information or left out material information from his affidavit with the desire of the defendant to seek discovery or an opportunity to cross-examine the affiant.

The magistrate judge has concluded that Trooper Young's study is not necessary for the affidavit on its face to contain probable cause. Thus, the claim that Trooper Young's study was flawed is readily dispensed with in the suppression motion. Essentially, the motion to compel discovery seeks to conduct a fishing expedition to see if Trooper Young's study contains flawed methodology. Because the study can be disregarded in a review of the affidavit, there is no longer a need to demonstrate that the study was flawed.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

10-cr-069-JWS-JDR THOMS, Trace @95 Order Re Motion for Discovery_mtd.wpd

2

Case 3:10-cr-00069-RRB   Document 141   Filed 01/11/11   Page 2 of 4

The production of the materials sought is not probative of whether the trooper knowingly presented false data to the State court. Rule 16(a)(1)(F) does not require the production of investigative and police reports concerning the underlying data in Investigator Young's marijuana smell study. The State Investigator's report of prior cases were not prepared for use in the underlying federal prosecution. The federal prosecutor is not intending to use Trooper Young's study in the government's case-in-chief.

Federal Rule of Criminal Procedure 16(a)(2) provides that the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government in connection with the investigating or prosecuting the case are not subject to disclosure. *See* United States v. Fort, 472 F.3d 1106 (9th Cr. 2007) (holding that an investigator's report prepared by a local police department prior to a federal prosecutor's involvement qualified for protection from discovery under Rule 16(a)(2) F.R.Cr.P.). In Fort, the court noted that the government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963) or other disclosure rules was not at issue.

The defendant's need for the discovery sought is not heightened as a result of his motion to suppress. The underlying materials to support Young's study are no longer relevant because the government does not rely upon the study to

demonstrate the validity of the search warrant.[2]  No showing has been made that the items requested are materials upon which a government expert witness intends to rely at trial.

The defendant, of course, can gather information to cross-examine Trooper Young should he testify at trial.  Under Rule 16 of the Federal Rules of Criminal Procedure the defendant is not entitled to require the government to prepare and produce all such information that might be used at trial.  The United States is not required to produce as discovery documents in the hands of a State agency such as investigative reports in unrelated cases.  Should the defendant issue a subpoena for such documents the State would then have an opportunity to assert any privilege it may have against their production.

For the foregoing reasons the Motion to Compel Discovery is hereby DENIED.

DATED this 11<u>th</u> day of January, 2011, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[2] The defendant might be entitled to the materials upon a showing that the United States intends to call Trooper Young as an expert witness rather than merely as an investigating officer to present the facts of the case.