UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Plaintiff,<br>vs.<br><br>TRACE RAE THOMS, and<br>JENNIFER ANNE THOMS,<br><br>            Defendants. | 3:10-cr-069-JWS-JDR<br><br>**ORDER**<br>**REGARDING**<br>**MOTION FOR COURT VIEW**<br><br>(Docket No. 64) |

       Defendant **Trace Thoms** requests the court to personally view the premises searched pursuant to search warrant 3PA-10-56 SW. Docket 64. As a result of the execution of that search warrant a marijuana grow operation was discovered. In his motion to suppress Thoms argues that Investigator Kyle Young "lied to the issuing judge" when he stated that he could smell the odor of marijuana from outside the premises in question. The defendant seeks to have the judicial officer see first hand the location and distances involved in Investigator Young's averments. *See* Supporting Memorandum at Docket 65.

The government filed an opposition at Docket 71 arguing that Thoms did not raise an issue about Young's smell of marijuana in his initial motion to suppress or make an offer of proof that the trooper lied about smelling marijuana. In a reply, Thoms indicated that he would seek leave to file an addendum to his motion for a Franks hearing wherein he would raise the issue about whether Trooper Young could have smelled marijuana as he claimed.

This issue is now before the court as part of Thoms revised motion to suppress. The magistrate judge, however, declines to conduct a court view of the property regarding the motion the motion to suppress.

At the Franks hearing the parties may offer testimony of an expert witness on the ability to detect marijuana, as well as the testimony of Trooper Kyle Young. In his proffer Thoms indicates that he intends to testify regarding the physical location of his premises and efforts he made to conceal the odor of marijuana emanating from those premises. The court does not need to personally view the property in order to assess the reliability and credibility of witnesses at the Franks hearing.

There is no specific federal rule permitting the jury (fact-finder) to make an inspection of the premises or the place involved in the prosecution. The district court has wide discretion granting a request for a view. Skyway Aviation Corp. v. Minneapolis, N. & S. Ry. Co., 326 F.2d 701, 708 (8th Cir. 1964). Courts are divided

over whether the view of the premises is evidence in the case. Compare Park-N Theaters, Inc., v. Ochs, 75 F. Supp. 506, 512 (SD Ohio 1948) (View not to be considered as evidence) with United States v. Harris, 141 F. Supp. 418, 419-20 (SD Ca. 1955) (View of premises is evidence). The magistrate judge concludes that a view by the court, whether it would constitute evidence or not, is unnecessary for the court to follow the evidence presented by the parties at the Franks hearing and apply the law to the facts as adduced. Accordingly, the Motion for Court View is hereby DENIED.

DATED this 11th day of January, 2011, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge