# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    )<br>        Plaintiff,  )<br>    )<br>vs.  )<br>    )<br>TRACE RAE THOMS &  )<br>JENNIFER ANNE THOMS,  )<br>    )<br>        Defendants.  )<br>_____  ) | 3:10-cr-00069 JWS<br><br>ORDER AND OPINION<br><br>[Re:   Motion at Docket 192] |

## I.  MOTION PRESENTED

At docket 192, the United States of America ("the government") moves for reconsideration of the order at docket 186, which rejected the report and recommendation at docket 174 and granted the defendants' motion to suppress at docket 57.

## II.  STANDARD OF REVIEW

Under Federal Rule 59(e), the court may "reconsider and amend a previous order."[1]  A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[2]

---

[1] *Carroll v. Nakatani*, 342 F.3d 934, 935 (9th Cir. 2003); s*ee* Fed. R. Civ. P. 59(e).

[2] *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (internal quotations omitted).

### III. DISCUSSION

**A. The Government's Motion Is Not In Compliance With the Local Rules**

Local Rule 59.1(c) limits a motion for reconsideration to five pages.[3] The present motion is ten pages. Despite its deficiency, the court has decided to consider the government's motion in its entirety to avoid delay.

**B. A *De Novo* Evidentiary Hearing Was Not Required**

Section 636(b)(1)(B) of Title 28 provides that "a judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court."[4] Section 636(b) also provides as follows:

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[5]

The government argues that the court was required to conduct its own *de novo* evidentiary hearing prior to rejecting Magistrate Judge Roberts' report and recommendation.[6] In support of its contention, the government cites *United States v. Bergera*[7] and *United States v. Ridgway*.[8] Neither case requires an additional hearing in the circumstances of this case.

---

[3]D.Ak. LR 59.1(c).

[4]28 U.S.C. § 636(b)(1)(B).

[5]*Id.* § 636(b)(1).

[6]Doc. 192 at 4.

[7]512 F.2d 391, 392 (9th Cir. 1975).

[8]300 F.3d 1153 (9th Cir. 2002).

-2-

In *Bergera*, the magistrate judge recommended granting the defendants' motion to suppress.[9] The district judge reversed the magistrate and denied the motion.[10] The Ninth Circuit determined that "[i]f . . . [a] district court chooses to reject the recommendation of the magistrate judge, it must itself hear the testimony and see the evidence before deciding the motion."[11] The court reasoned that a "*defendant* is entitled to the assurance that important factual conclusions will be drawn from the testimony and other evidence itself. That assurance is provided if the district court decides the motion in accordance with the recommendations of [the magistrate judge] . . . [b]ut . . . is . . . absent if the district court is allowed to disregard the recommendation of the magistrate and decide the motion" without conducting its own evidentiary hearing.[12]

In *Ridgway*, as in *Bergera*, the district judge rejected the magistrate judge's recommendation to *grant* a motion to suppress, and "denied the motion to suppress without conducting a de novo evidentiary hearing."[13] The Ninth Circuit clarified that "[u]nder the law of this circuit, a district court errs when it does not conduct a de novo evidentiary hearing if it rejects the credibility finding of a magistrate judge *who recommends the granting of a motion to suppress*."[14] After first acknowledging that the Supreme Court has viewed the issue in terms of a defendant's right to due process, the *Ridgway* court noted that under its reading of the *Bergera* rule, "[t]hat *specific holding* is not undercut either by [*United States v.*] *Raddatz*[15] or by the amendments to the Federal Magistrates Act."[16] As this court reads the law, *Ridgway* recognized that the necessity

---

[9]*Bergera*, 512 F.2d at 392.

[10]*Id.*

[11]*Id.* at 394.

[12]*Id.* (emphasis added).

[13]*Ridgway*, 300 F.3d at 1155.

[14]*Id.* at 1157 (citing *Bergera*, 512 F.2d at 392–94) (emphasis added).

[15]447 U.S. 667 (1980).

[16]*Ridgway*, 300 F.3d at 1157 (emphasis added).

-3-

of a *de novo* evidentiary hearing is properly framed "in terms of a defendant's right to due process."[17]

In *Raddatz*, the Supreme Court determined that acceptance of a magistrate judge's credibility determination without a *de novo* evidentiary hearing is consistent with due process. The Court emphasized that 28 U.S.C. § 636(b)(1)(B) requires a *de novo* "determination" and not a *de novo* hearing.[18] The Court stated that "nothing in the legislative history of the statute . . . support[s] the contention that [a] judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'"[19]

The Court also noted that "[n]either the statute nor its legislative history reveals any specific consideration of the situation where a district judge after reviewing the record in the process of making a *de novo* 'determination' has doubts concerning the credibility findings of the magistrate."[20] In the absence of such "specific consideration," courts are left with the text of the statute, which, as extensively discussed in *Raddatz*, requires only a *de novo* determination. The Court "assume[d] it . . . unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive" because "to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions."[21] However, there is no identifiable source for such serious question beyond the Due Process Clause.

Because a defendant's due process rights are not at issue when a motion to suppress is granted over a magistrate judge's recommendation, a *de novo* evidentiary hearing is not necessarily required. That is not to deny that in many cases, a district

---

[17] *Id.* at 1156 (citing *Raddatz*, 447 U.S. at 680).

[18] *Raddatz*, 447 U.S. at 673–74.

[19] *Id.* at 674.

[20] *Id.* at 681 n.7.

[21] *Raddatz*, 447 U.S. 681 n.7.

-4-

court might need to conduct a second evidentiary hearing. However, here, this court has had access to a transcript of the original evidentiary hearing and has explained at length how the evidence presented renders it highly improbable (indeed, it seems to this court in light of all the evidence, virtually impossible) that Investigator Young could smell the marijuana grow under the circumstances that existed at the time. That conclusion would not change simply because this court heard the evidence all over again. The issue here does not turn on the demeanor of the witnesses, but rather on the implausibility of the officer's conclusion that he smelled the marijuana grow inside a sealed building at least 450 feet away, which was screened by forest vegetation and a hill with a house on it. These considerations, which are paramount in rendering Young's conclusion unbelievable, are either derived directly from or are entirely consistent with Investigator Young's *own testimony*.[22] It would serve no purpose but delay to conduct a second hearing to hear the testimony all over again. This court concludes that in the circumstances of this case it is not inconsistent with the case law to have suppressed the evidence without first conducting a second evidentiary hearing. Moreover, that conclusion is indisputably consistent with the relevant statutes.

## IV. CONCLUSION

For the reasons above, the government's motion at docket 192 for reconsideration of the order at docket 186 is **DENIED**.

DATED at Anchorage, Alaska, this 28th day of April 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[22]Other evidence was also considered and supports this court's decision as explained in the order at docket 186.