**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:10-cr-069-JWS-JDR |
| Plaintiff, | |
| vs. | **ORDER REGARDING OBJECTIONS TO ORDER ON MOTION TO REOPEN FRANKS HEARING** |
| TRACE RAE THOMS, and JENNIFER ANNE THOMS, | |
| Defendants. | (Docket 285/287) |

Trace Thoms has filed Objections to the Order Denying his Motion to Reopen an evidentiary hearing. Docket 286. These objections have been referred to the magistrate judge for consideration. Docket 287. The government was allowed to file a reply to the objections and submitted a response, Docket 289. This Order addresses those objections.

Trace Thoms moved to suppress evidence obtained from a search warrant alleging that Trooper Young lied to the issuing magistrate when he stated

he smelled marijuana. Docket 57. Jennifer Ann Thoms joined in the motion. Docket 62. A Franks[1] hearing was conducted by the magistrate judge on February 7 and 11, 2011, to address the issue of the truthfulness of Trooper Young's averment that he had smelled marijuana coming from the Thoms residence. On June 3, 2013, Trace Thoms filed a motion to reopen evidentiary hearing. Docket 267. A joinder was filed by co-defendant Jennifer Anne Thoms. Docket 273.

The motion to reopen was based on two arguments. First, that Thoms had discovered new evidence demonstrating that Trooper Young had engaged in a pattern of deceptive behavior in dealing with various state courts. Second, Thoms argued that the federal prosecutors violated their obligation under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150, 153-55 (1972), and Milke v. Ryan, 2013 WL 979127 (March 7, 2013).

The Motion to Reopen was denied in an Order filed June 11, 2013 at Docket 285. Thoms objects to that ruling renewing his request for an additional evidentiary hearing on the truthfulness of Trooper Young's averments in his affidavit. Thoms seeks an opportunity to question the trooper based on his newly discovered evidence. For reasons stated herein the court will provide defendants a limited opportunity for additional cross-examination of Trooper Young.

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

In an Order regarding the defendants' Motion to Compel, Docket 282, the magistrate judge discussed the holding in <u>Milke v. Ryan</u>, 711 F.3d 998 (9th Cir. 2013), which was cited by Thoms for the proposition that impeaching evidence must be disclosed by the government as to all of its witnesses. The magistrate judge has previously opined that it is not clear that a <u>Brady</u> violation occurred in the instant case. There is no evidence of prosecutor manipulation of evidence, withholding of <u>Giglio</u> material, or concealment of such evidence. The prosecutor did not possess the impeaching material nor was he aware of its existence. The material was not in the Troopers personnel records, which were in possession of the State not federal government.

Whether any <u>Brady</u> violation occurred was considered in part, because such a violation could excuse the defense from failing to use the State Court documents during prior cross-examination of Trooper Young at the <u>Franks</u> hearing. <u>Milke</u> holds that the fact that court documents showing the officer's misconduct were available in the public record does not diminish the State's obligation to produce them under <u>Brady</u>. State Court decisions handed down after the suppression hearing may not count as <u>Brady</u> material. *See* <u>Milke</u> 711 F.3d at 1017.

The <u>Brady</u> issue presents a question about the extent of the prosecutor's "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." <u>Kyles v. Whitley</u>, 514 U.S.

419, 437-38 (1995). It raises the question whether the prosecutor has a duty to inquire from a law enforcement officer witness himself about whether he has engaged in any past misconduct when that officer is part of the investigating police agency? *See* Youngblood v. West Virginia, 547 U.S. 867, 869-70 (2006) ((per curiam) (prosecutor charged with knowledge of any Brady material of which the prosecutor's office or the investigating police agency is aware).

Milke relied on a clear Brady violation when the prosecutor's office failed to disclose favorable impeachment material contained in the personnel records of the officer. The case was in federal court on a habeas petition brought under 28 U.S.C. § 2254. Milke had been convicted of murder in a jury trial involving a state prosecutor who failed to disclose evidence that the interrogating officer had been investigated and suspended for taking sexual liberties with a female motorist as well as several other court orders finding that the officer had lied under oath in order to secure a conviction or further a prosecution. In Milke, the Court of Appeals held that the State Court's focus on discoverability of impeachment evidence, rather than the disclosure requirement under Brady and Giglio was contrary to clearly established law as determined by the Supreme Court of the United States. The State knew about the misconduct but did not disclose it despite the requirements of Brady v. Maryland, 373 U.S. 83, 87 and Giglio v. United States, 405 U.S. 150, 153-55 (1972).

Regardless of any alleged <u>Brady</u> violation issue the defense now has in its possession recently acquired knowledge of State Court orders that could potentially impeach Trooper Young on a key issue, namely his credibility and veracity of statements he made to a state magistrate who issued the search warrant challenged in a suppression motion before this court. Under the recent case of <u>Milke</u> and Federal Rule of Evidence 608(b), a defendant can use State Court records to question a law enforcement officer about specific instances of prior conduct when the information is probative of the officer's character for truthfulness. <u>Milke</u>, 711 F.3d at 1009.

<u>United States v. Kiszewski</u>, 877 F.2d 210 (2nd Cir. 1989) holds that reliable evidence of the law enforcement officer's misconduct in unrelated cases is admissible to impeach the officer's credibility, particularly "where credibility is the central issue in the case and the evidence presented at trial consists of opposing stories presented by the defendant and the government agents." <u>Id.</u> at 216.

<u>Milke</u> held that the State Court's focus on discoverability of impeachment evidence, rather than disclosure of requirements under <u>Brady</u> and <u>Giglio</u>, was contrary to clearly established Supreme Court law. The instant case raises a different concern. Namely that this court, while considering <u>Brady</u>, must not overlook the fact that the impeachment evidence has been discovered by the defense. It may be open to debate whether defense counsel was aware of facts that

would require them to discover the State Court records sooner through their own diligent investigation. It is unknown whether the defense counsel was aware of facts that would have required them to discover the State Court record sooner through their own diligent investigation. Indeed, the State Court records were accessible in the public records and they could be found on Westlaw or a Google search.

In light of the language in <u>Milke</u>, the magistrate judge is of the opinion that the defense should be granted an opportunity to cross-examine Trooper Young regarding his pattern of misconduct so as not to deny him his constitutional right to confrontation in a key suppression motion brought prior to trial. The magistrate judge as fact-finder is already aware of the State court orders, but he has not observed the demeanor of the Trooper when confronted with those orders. The Court's fact finding process requires the court to consider all of the evidence that may fairly be presented to it. The court should not ignore highly probative evidence central to the defendant's potentially dispositive motion. Notwithstanding the untimeliness of Thoms motion to reopen the <u>Franks</u> hearing, the magistrate judge will exercise the court's discretion to reopen the <u>Franks</u> hearing for additional cross-examination of the Trooper within the context of this order.

## Conclusion

The constitution requires a fair trial. One essential element of fairness is the prosecutor's obligation to turn over exculpatory evidence. It is not clear if a

<u>Brady</u> violation occurred.  Although the motion to reopen is arguably untimely, the court prefers to allow the defense an opportunity to develop the record by allowing additional limited inquiry of the Trooper using the newly discovered impeachment material.  The <u>Brady</u> issue with respect to the suppression motion becomes moot.

Accordingly, the suppression (<u>Franks</u>) hearing is reopened to allow the defense to call Trooper Kyle Young to submit to cross-examination regarding the alleged impeachment documents submitted with his motion to reopen.  The limited <u>Franks</u> evidentiary hearing is hereby set for Tuesday, July 15, 2013 at 1:30 PM.  The government shall subpoena Trooper Young for this limited hearing.

DATED this 9TH day of July, 2013 at Anchorage, Alaska.

_/s/ John D. Roberts_
JOHN D. ROBERTS
United States Magistrate Judge