# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br> vs.<br><br>TRACE RAE THOMS, and<br>JENNIFER ANNE THOMS,<br><br>    Defendants. | 3:10-cr-069-JWS-JDR<br><br>**<u>FINAL<br>ORDER DENYING<br>MOTION TO REOPEN<br>FRANKS HEARING</u>**<br><br>(Docket 267) |

    Trace Thoms moved to reopen the <u>Franks</u> hearing previously conducted in this case. Docket 267. The motion was joined by co-defendant Jennifer Thoms at Docket 273. The government filed an opposition to the Motion at Docket 276. The defendant filed a reply at Docket 281. An Order Denying Motion to Reopen <u>Franks</u> Hearing was entered at Docket 285.

Defendant Thoms filed Objections to the Order at Docket 286. Based on the objections the court at Docket 290 set a limited evidentiary hearing for the purpose of cross-examination of Trooper Young. At Docket 333, the magistrate judge declined to modify or withdraw the Order to Reopen the Franks Evidentiary Hearing regarding the First Motion [57] to Suppress. Because the Motion to Reopen the Evidentiary Hearing was referred to the magistrate judge, the magistrate judge hereby addresses Thoms' objections to the order regarding the Motion to Reopen the Evidentiary Hearing.

Defendant Trace Thoms argues in his Objections (Docket 335) to the Order filed at Docket 333 that this court should grant his motion to suppress because "Trooper Young is engaged in a long-standing pattern of deceit" in prior State search warrant applications and therefore this court should "resoundingly rebuke him for his acts of deceit" and conclude that he must have lied to the State Magistrate in his affidavit to search the Thoms residence when he averred that he smelled marijuana from the premises.[1] The record does not support the defendant's argument of a pattern of deceit such that Young's affidavit for the Thoms search warrant could not be relied upon as truthful by the issuing State Court magistrate. The objections add nothing to the argument previously made by Thoms.

---

[1] Quotations from Docket 335, p.11.

The objections state that Judge Cutler was correct in her ruling in the James case.[2] The correctness of Judge Cutler's ruling was never questioned in deciding Thoms' Motion to Suppress. Trooper Young's testimony at the last evidentiary hearing was considered in part to shed light upon the Trooper's character for being truthful, not as to the correctness of Judge Cutler's decision.

The objections provide argument beyond the scope of the basis for the Motion for Rehearing by presenting "other evidence" that the Trooper had lied to the issuing magistrate for the Thoms search warrant. *See* Docket 335, p.6. Unquestionably there was a marijuana grow on the Thoms premises and the issue of whether the Trooper could or did smell marijuana in the manner he claimed is not at issue in the Motion to Reconsider.

The objections argue that none of the cases cited by the government affirmed the lower court findings that Trooper Young's statements about smelling marijuana were credible. By the same token none of the cases cited made a finding that Trooper Young's statements about smelling marijuana were not credible. His statements challenged in other warrant applications did not address the issue of smelling marijuana.

---

[2] Objections failed to give the full citation of the James case which is Gregory B. James and Gregory B. James, Jr., 3PA-S06-750CR and 3PA-S06-763.

Because Thoms has not prevailed in his showing for a <u>Franks</u> hearing and for the reasons previously presented to the court by the magistrate judge the Motion (Docket 267) to Reopen Evidentiary Hearing on the Motion (Docket 57) to Suppress should remain denied. Any further review of this matter shall be directed to the district judge.

DATED this 17th day of September, 2013, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge